IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA G. PENA, Individually and on behalf of all others similarly situated, | : | |
|      Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-022 |
| | : | |
| NATIONAL CREDIT ADJUSTERS, L.L.C. | : | |
|      Defendant | | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **NATIONAL CREDIT ADJUSTERS, L.L.C.,** (hereinafter referred to as "NCA"), Defendant in the above styled and numbered cause, and makes and files this its Original Answer in reply to Plaintiff's Original Complaint and in connection therewith would respectfully show unto the Court the following:

**I.**

1.    Paragraph 1 of Plaintiff's Original Complaint is merely descriptive of the nature of her claims and therefore cannot be admitted or denied. To the extent it might be construed as asserting any facts, ¶ 1 is denied.

2.    Paragraph 2 of Plaintiff's Original Complaint is merely descriptive of the nature of her claims and therefore cannot be admitted or denied. NCA denies that part of ¶ 2 that alleges it performed any illegal acts.

3.   Paragrah 3 of Plaintiff's Original Complaint merely alleges the basis of jurisdiction. NCA admits the court has jurisdiction of the alleged claims.

4.   Paragraph 4 of Plaintiff's Original Complaint merely alleges the basis of venue. NCA admits venue is correct for the alleged claims, but denies the balance of ¶ 4.

5.   NCA is without sufficient information to admit or deny that Plaintiff resides in Brownsville, Cameron County, Texas, and there cannot neither admit nor deny that part of ¶ 5 of Plaintiff's Original Complaint. The rest of ¶ 5 is denied.

6.   NCA denies ¶ 6 of Plaintiff's Original Complaint. NCA is a limited liability company organized under the laws of the state of Kansas and its correct name is "National Credit Adjusters, L.L.C." It currently has a surety bond the meets Texas Finance Code, section 293.101.

7.   Paragraphs 7-11 are general allegations that Plaintiff Pena is entitled to bring this suit as a class action. Paragraphs 7, 8, 9, 10, and 11 of Plaintiff's Original Complaint are denied.

8.   NCA denies ¶ 12 of Plaintiff's Original Complaint.

9.   NCA denies ¶ 13 of Plaintiff's Original Complaint. Specifically, Plaintiff has failed to comply with the notice requirements for the Texas Deceptive Trade Practices Consumer Protection Act. TEX BUS. & COMM. CODE, §17.505(a).

10.  Paragraphs 14-23 of Plaintiff's Original Complaint describe give general allegations that NCA violated federal and state statutes, entitling Plaintiff and the putative class to various forms of relief. NCA denies ¶¶ 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 of Plaintiff's Original Complaint.

11.     Paragraph 24 of Plaintiff's Original Complaint is a demand for jury trial, which is not subject to being admitted or denied.

12.     NCA denies that Plaintiff is entitled to the relief requested in her Prayer.

II.

13.     Plaintiff claims she is entitled to relief on under the DTPA. Plaintiff did not give notice of claim describing her claims, her damages, expenses and attorneys fees as required by the DTPA. TEX BUS. & COMM. CODE, §17.505(a). NCA is entitled to abatement until Plaintiff complies that statutes. TEX BUS. & COMM. CODE, §17.505(c, d, e).

III.

14.     In the event a class is certified under the federal act, any class recovery is limited as provided by 15 USC § 1692k(a). Likewise, to the extent applicable to claims of the alleged classes, NCA asserts the applicable one and two years statutes of limitations. 16 U.S.C. § 1692k(d); TEX BUS. & COMM. CODE, §17.56A; TEX. CIV. PRAC. & REM. CODE, § 16.003. To the extent Plaintiff and the alleged class assert they are entitled to restitution, etc., under DTPA § 17.50(b), then NCA urges that they have not fulfilled the pre-requisites for rescission/restitution, i.e., notice and tender of any benefit received. In those cases where NCA owned a valid debt or account related to the claims for which restitution or disgorgement are sought, it is entitled to an offset or credit against such claims (solely as a defense to reduce the amount, if any,) adjudged to be owed as restitution or disgorgement.

IV.

15.    NCA denies its acts violated the statutes in question.  However, in the event the court should

conclude otherwise, any such violations resulted from bona fide error and were unintentional.

15 U.S.C. § 1692k(c);  TEX. FINAN. CODE, §392.401.

V.

16.    Punitive damages are limited by Chap. 41, Texas Civil Practice and Remedies Code.  The

total amount awarded is limited as provided by Texas Civil Practice and Remedies Code, §

41.008(b).  They are not available for nominal damages or if the claimant elects to have the

recovery multiplied under another statute.  TEX. CIV. PRAC. AND REM. CODE, § 41.004.

Prejudgment interest is not available on puntive damages. TEX. CIV. PRAC. AND REM. CODE,

§ 41.007.

VI.

17.    Plaintiff lacks standing to bring this suit.  Shortly after the alleged claims allegedly accrued,

Plaintiff Maria Pena filed a Chapter 7 bankruptcy in the US Bankruptcy Court for the

Southern District of Texas, Cause No. 02-11103-B-7.  Unless the Trustee abandons or

assigns back to Plaintiff the alleged claims, then Plaintiff will lack standing to pursue these

claims.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing

hereof that the Plaintiffs take nothing against it and that it go hence with its costs, without day, and

for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**

P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

By:_____
       **Roger W. Hughes**
       State Bar No. 10229500
       Federal ID No. 5950
       **Scott T. Clark**
       State Bar No. 00795896
       Federal ID NO. 21676

Attorneys for Defendant **NATIONAL CREDIT ADJUSTERS, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 24th day of March, 2003.

Mr. Stephen Gardner                          *CM/RRR NO. 7002 0510 0004 1769 5614*
**LAW OFFICE OF STEPHEN GARDNER, P.C.**
Woodall Rogers Tower, Suite 1750
1845 Woodall Rogers Freeway
Dallas, TX 75201

Mr. John Ventura                             *CM/RRR NO. 7002 0510 0004 1769 5621*
Mr. Daniel Whitworth
**LAW OFFICES OF JOHN VENTURA, P.C.**
62 East Price Road
Brownsville, TX 78521

_____
ROGER W. HUGHES