IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA G. PENA, Individually and on behalf of all others similarly situated,<br>Plaintiff, | : : : : | |
| vs. | : | CIVIL ACTION NO. B-03-022 |
| NATIONAL CREDIT ADJUSTERS, L.L.C.<br>Defendant | : : : : | |

**DEFENDANT'S RULE 12 MOTION TO DISMISS, ABATE OR FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **NATIONAL CREDIT ADJUSTERS, L.L.C.**, Defendant in the above styled case, and files this its Rule 12 Motion to Dismiss, Abate, or For a More Definite Statement, and would respectfully show the Court as follows:

I.

Plaintiff Pena has filed this class action suit alleging claim under the Federal Fair Debt Collection Practices Act (15 USC §1692, et seq.), the Texas Debt Collection Practices Act (Texas Finance Code, Chap. 392), and the Texas DTPA (Texas Business & Commerce Code, § 17.41, et seq.).

II. Issues Presented

1. Whether Plaintiff Pena's claim for DTPA relief must be dismissed because she has not alleged she is a "consumer" as that term is defined by the DTPA.

2. Whether Plaintiff Pena has alleged a prerequisite to bringing a claim under the DTPA, i.e., giving written notice as required by Texas Business and Commerce Code, §17.505(a).

3. Whether the court should require a more definite statement or a Rule 7 reply on whether Plaintiff has complied with DTPA § 17.505.

### III. Summary of the Argument

Plaintiff Pena alleges various violations of federal and state debt collection laws. She argues that violations the Texas Debt Collection statute violate the DTPA as well and asks for relief under that statute. Petition, ¶¶ 21, 23; TEX. FINAN. CODE, § 392.404. However, the DTPA remedies section, § 17.50(b), provides relief only to a DTPA "consumer." Claimants who seek to enforce part the DTPA through another statute must qualify as a DTPA "consumer" in order to enforce a DTPA section that requires "consumer" status. To qualify as a DTPA "consumer," Pena must seek or acquire goods or services by purchase or lease; the goods or services must form the basis for the complaint. Plaintiff does not allege she sought or obtained goods or services from NCA or that goods or services are at the bottom of her claim. Ordinary, money and credit are neither "goods" nor "services" for DTPA purposes.

If Plaintiff does allege DTPA "consumer" status, then she must aver compliance with the DTPA notice section, § 17.505(a). She does not specifically do so. This can be challenged by a Rule 12(b) motion; the appropriate remedy to is to allow (1) plaintiff to plead an excuse or compliance, or (2) abate until plaintiff proves compliance. Alternatively, if the court may treat the Complaint as insufficient and order a more definite statement under Rule 12(e) or a reply on compliance under Rule 7.

### IV. Argument and Authorities

A.   Standard of Review

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiffs, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

The failure to allege that plaintiff is a DTPA "consumer" or has complied with the DTPA notice provision can be subject to a Rule 12(b) motion to dismiss. *Keith v. Stoelting, Inc.*, 912 F.2d 996, 998 (5th Cir. 1990).

B.  DTPA "Consumer"

The TDCA provides that a violation of the debt collection statute is actionable under the DTPA. TEX. FINAN. CODE, 392.404(a). The Complaint, ¶23, claims she and the class would be entitled to relief under the DPTA. However, the DTPA remedies section, § 17.50(b) provides that "each consumer who prevails" is entitled to actual damages, restitution, etc. If the terms of the DTPA section sought to be enforced require "consumer" status, then plaintiff must have DTPA consumer status. *Crown Life Ins. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995).

In *Casteel*, plaintiff sued under Texas Insurance Code article 21.21, section 16(a), which provides that a violation of DTPA §17.46(b) is actionable under art. 21.21. Plaintiff claimed violations of DTPA § 17.46(b)(5, 7, 9, 23), which prohibited actions against a "consumer" or misrepresentations concerning "goods or services." 22 S.W.3d at 386-87. The Texas Supreme Court held that Casteel could not enforce those sections through art. 21.21 because he was not a DTPA "consumer." *Id.* In *Faircloth*, the Supreme Court stated that relief under DTPA §17.50 was available only to consumers. 898 S.W.2d at 274. Because Fairchild was not a DTPA consumer, she could not enforce DTPA § 17.46(23) or 17.50 through Insurance Code, art. 21.21., §16(a). *Id.*

The DTPA, § 17.45(4), defines "consumer" as an individual " . . . who seeks or acquires by purchase or lease, any good or services . . ." Section 17.45(1) defines as "goods" as " . . .tangible chattels or real property purchased or leased for use." Section 17.45(2) defines "services" as " . . .

work, labor, or service purchased or lease for use . . ." As a general rule, lending money or the mere extension of credit is neither "goods" nor "services" under the DTPA. *Fed. Sav. & Loan Ins. v. Kralj,* 968 F.2d 500, 507 (5th Cir. 1992); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174-75 (Tex. 1980). The goods or services must form the basis of the complaint. *Woods v. Littleton,* 554 S.W.2d 664, 666 (Tex. 1977).

Pena's Complaint, ¶ 5, alleges a legal conclusion that she is a "consumer" as defined under the federal and Texas debt collection statutes. However, neither statute defines "consumer" as does the DTPA. 15 U.S.C. § 1692a(3) defines "consumer" as a person "obligated or allegedly obligated to pay any debt." Section 1692a(5) defines "debt" as an obligation "to pay money arising out of a transaction in which money, property, insurance or service which are the subject of the transaction" are primarily for personal, family or household use. Texas Finance Code, § 392.001(1) defines "consumer" as an "individual who has a consumer debt." Section 392.001(2) defines "consumer debt" as "an obligation, or an alleged obligation, primarily for personal, family, or house purposes and arising from a transaction or alleged transaction."

Therefore, a conclusory claim that Pena is a "consumer" under 15 U.S.C. § 1692a or Texas Finance Code, Chap. 392, does not allege DTPA "consumer" status. First, neither requires that Pena sought or acquired "goods" or "services." Money or credit alone is insufficient. *Kralj,* 968 F.2d at 507. Second, neither requires Pena to acquire or seek to acquire them by purchase or lease from NCA or in a transaction involving NCA.

Finally, there is no claim that the goods or services sought or acquired by Pena form the basis of her complaint. She alleges only that NCA sent threatening letters; she does not show how this is a part of any service (or goods) she acquired or sought.

C.  DTPA Notice Provision

As a prerequisite to seeking relief under the DTPA, a consumer shall give written notice to defendant at least sixty days before filing suit; the notice shall advise in reasonable detail the specific complaint, and the amount of damages, expenses and attorneys fees reasonably incurred. TEX. BUS. & COMM. CODE, § 17.505(a). The notice is excused if (1) the DTPA claim is asserted as a counterclaim, or (2) notice is rendered impracticable by the need to file suit to prevent expiration of the statute of limitations. TEX. BUS. & COMM. CODE, § 17.505(b). Neither excuse appears applicable to this case.

The burden is on Pena to plead compliance. *Keith,* 912 F.2d at 998; *Patel v. Holiday Hospitality Franchising, Inc.,* 172 F.Supp.2d 821, 826 (N.D. Tex. 2001). However, the preferred remedy for failure is abatement, rather than dismissal. *Patel,* 172 F.Supp.2d at 826. Therefore, the suit should be abated until 60 days after she gives said notice. *Id.*

Alternatively, if the Court believes that Pena can plead compliance or an excuse, the Complaint does not adequately allege either of these matters. The Court should require either (1) an amended pleading to fully allege compliance or an excuse, under Federal Rule of Civil Procedure 12(e), or (2) a reply to NCA's denial, under Federal Rule of Civil Procedure 7.

WHEREFORE, PREMISES CONSIDERED, Defendant prays its motion be set for hearing and upon hearing same, the Court grant the relief requested, and any such further relief to which it may show itself entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**

P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By *[signature]*
Roger W. Hughes
State Bar No. 10229500
Federal ID No. 5950
Scott T. Clark
State Bar No. 00795896
Federal ID NO. 21676

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT ADJUSTERS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the ___ day of March, 2003.

| | |
|---|---|
| Mr. Stephen Gardner<br>**LAW OFFICE OF STEPHEN GARDNER, P.C.**<br>Woodall Rogers Tower, Suite 1750<br>1845 Woodall Rogers Freeway<br>Dallas, TX 75201 | CM/RRR NO. 7002 0510 0004 1769 5379<br>& Facsimile: 214/871-8957 |
| Mr. John Ventura<br>Mr. Daniel Whitworth<br>**LAW OFFICES OF JOHN VENTURA, P.C.**<br>62 East Price Road<br>Brownsville, TX 78521 | CM/RRR NO. 7002 0510 0004 1769 5621 |

*[signature]*
Roger W. Hughes