THE HONORABLE, ANDREW S. HANEN, U. S. DISTRICT JUDGE

<u>HEARING ON MOTION FOR ENTRY OF ORDER OF DISMISSAL</u>

CIVIL ACTION NO: <u>B-03-022</u>      DATE & TIME <u>8/6/03 @ 2:13 pm - 2:20 pm;</u>
                                                  <u>2:46 pm - 2:47 pm</u>

                                          COUNSEL:

<u>MARIA G. PENA, Individually</u>      §   <u>JOHN VENTURA</u>
<u>and on behalf of all others</u>
<u>similarly situated</u>                §

VS                                      §

<u>NATIONAL CREDIT ADJUSTERS</u>          §   <u>ROGER HUGES</u>

---

Courtroom Deputy:  Irma Soto
Law Clerk:         Christian Southwick
Court Reporter:    Barbara Barnard
CSO:               Figueroa


Case called on the docket.

John Ventura appears for Plaintiff. Roger Hughes appears for Defendant. All parties announce ready. Court addresses Motion for Dismissal and is informed by the attorneys that case has settled all claims as to Ms. Pena only. Defendant offers Exhibit "1" (Compromise and Settlement Agreement) and is admitted without objection.

Court is adjourned.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA G. PENA, individually and on behalf of all similarly situated persons, Plaintiffs | §§§§ |
| VS. | § CIVIL ACTION NO. B-03-022 |
| NATIONAL CREDIT ADJUSTERS. Defendant. | §§§ |

## COMPROMISE AND SETTLEMENT AGREEMENT

**WHEREAS** MARIA G. PENA has asserted certain claims against NATIONAL CREDIT ADJUSTERS L.L.C. arising out of alleged unlawful debt collection practices; and

**WHEREAS** NATIONAL CREDIT ADJUSTERS L.L.C. expressly denies any and all liability for such claims, either at law or in equity and asserts that the claims against it are groundless; and

**WHEREAS** MARIA G. PENA has sought to serve as the representative of a class of persons who he alleges to be similarly situated to himself; and

**WHEREAS** NATIONAL CREDIT ADJUSTERS L.L.C. expressly denies that MARIA G. PENA is a proper class representative and further denies that this case is certifiable as a class action; and

**WHEREAS** without admitting any liability or lack thereof and solely for the purpose of saving litigation expenses and compromising and settling doubtful and disputed claims, the parties desire to buy peace and compromise and settle the disputed claims between them;

**NOW, THEREFORE,** the undersigned parties covenant and agree as follows:

1

1. <u>CONSIDERATION.</u>

   NATIONAL CREDIT ADJUSTERS L.L.C. agrees that:

   A. NATIONAL CREDIT ADJUSTERS L.L.C. agrees that it will cease using any letter to contact debtors with Texas addresses that represents that it may pursue legal remedies of asset attachment and wage garnishment similar to letter attached as Exh. "A";

   B. NATIONAL CREDIT ADJUSTERS L.L.C. agrees that it will cause its "trade line" to be deleted from third party credit bureaus for the following accounts that it currently owns:

      1. debts owed by individual debtors with Texas addresses acquired by NATIONAL CREDIT ADJUSTERS L.L.C. (and its predecessors) between January 22, 2001, and February 15, 2003; and,

      2. debts owed by individual debtors (a) with addresses outside Texas and inside the United States acquired NATIONAL CREDIT ADJUSTERS L.L.C. (and its predecessors) between January 22, 2002, and February 15, 2003, and (b) who also were sent letters by NATIONAL CREDIT ADJUSTERS like Exh. "A."

   This does not include "trade lines" on accounts that NATIONAL CREDIT ADJUSTERS L.L.C. does not own on the date this agreement is executed or that it has compromised and released.

   C. NATIONAL CREDIT ADJUSTERS L.L.C. agrees that it will make the following credits on the following currently open accounts that it currently owns:

      1. $200.00 credit against the current total balance owed on debts owed by

2

        individual debtors with Texas addresses acquired by NATIONAL CREDIT ADJUSTERS L.L.C. (and its predecessors) between January 22, 2001, and February 15, 2003; and,

    2.    $125.00 credit against the current total balance owed on debts owed by individual debtors (a) with addresses outside Texas and inside the United States acquired NATIONAL CREDIT ADJUSTERS L.L.C. (and its predecessors) between January 22, 2002, and February 15, 2003, and (b) who also were sent letters by NATIONAL CREDIT ADJUSTERS like Exh. "A."

It is agreed that no credit will be made on accounts or debts that have been compromised, released, settled, reduced to judgment, or sold to third parties before this agreement was executed.

    D.    NATIONAL CREDIT ADJUSTERS L.L.C. will make a *cy pres* payment in amount of $25,000.00 to the Texas Rural Legal Aid;

    E.    NATIONAL CREDIT ADJUSTERS L.L.C. will also pay $2,500.00 to MARIA G. PENA; and

    F.    NATIONAL CREDIT ADJUSTERS L.L.C. will pay to Plaintiff's attorneys the total sum of $17,000.00 as their legal fees in this case.

These sums will be the only sums of money paid by NATIONAL CREDIT ADJUSTERS L.L.C. in connection with the settlement of this case.

2.    <u>RELEASE.</u>

MARIA G. PENA, in consideration of the consideration described above in paragraph 1, the receipt and sufficiency of which is hereby acknowledged, for herself and her heirs, executors, administrators, successors, assigns, and attorneys, hereby releases, acquits and forever discharges

NATIONAL CREDIT ADJUSTERS L.L.C., INTERNATIONAL FINANCIAL SERVICES, INC. and all of their members, officers, directors, shareholders, employees, representatives, affiliates, parent and subsidiary corporations, successors, assigns, and attorneys (whether named individually or not in this document) from any and all claims, actions, causes of action, demands, rights, damages, costs, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on account of or growing out of any matters which have been asserted or could have been asserted against them as of the date of this release. The settlement described above shall not be funded until Plaintiff's attorneys have secured approval of same from the Honorable Richard S. Schmidt, Judge of the United States Bankruptcy Court for the Southern District of Texas.

3.   It is the express intent of MARIA G. PENA that this Agreement release all claims of any kind or nature, whether known or unknown, that she may have against the parties released in paragraph 2, regardless of whether such claims arise pursuant to contract, tort, statute, or common law, save and except for the rights and obligations created by this Agreement.

4.   MARIA G. PENA expressly warrants that she is the sole and exclusive owner of the claims herein released and that no portion of such claims has been sold, transferred, conveyed, or hypothecated except to her attorneys, who by their signatures below join in this Agreement to the extent of their interests in the claims herein released. MARIA G. PENA agrees to indemnify the parties herein released and hold them harmless from any costs, expenses, damages, attorney's fees, judgments, and liabilities or losses of any kind or nature arising out of any breach of this warranty or out of the claims herein released. As a fundamental part of the consideration for this settlement, the undersigned Stephen Gardner and John Ventura expressly warrant that: (a) neither they nor their law firms presently are handling any other claims against the parties herein released; and (b) neither they nor their law firms have consulted on any other claims against the parties herein released. This

warranty shall not, however, restrict the right of Stephen Gardner and John Ventura or their law firms to accept any future cases.

5. Nothing contained in this Agreement shall ever be construed as an admission of any liability or wrongdoing by NATIONAL CREDIT ADJUSTERS L.L.C. or Plaintiff Maria Pena, and this document shall not ever be offered in any legal proceeding as evidence of such an admission.

6. To effectuate this settlement, Plaintiff's attorneys will seek dismissal of their class action allegations and Plaintiff's individual claims by a motion and order; it is further agreed that neither side will seek costs or attorneys fees. In the event that the proposed order is not approved in the form submitted, NATIONAL CREDIT ADJUSTERS L.L.C. may withdraw from this agreement. In that event, this Agreement shall be null and void, and of no force and effect. Furthermore, in such event all *status quo ante* rights of the Defendant to oppose any subsequent requests by the Plaintiff to certify this action as a class action, and all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the unnamed putative class members.

7. The parties hereto covenant and agree that they will execute such other instruments and documents that are or may become necessary or convenient to effect and carry out this Agreement.

8. This Agreement shall be binding on and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns when permitted hereby.

9. Any ambiguities in this Agreement shall not be construed strictly against the parties herein released.

10. In case any one or more of the provisions contained in this Agreement is for any reason held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or

unenforceability shall not affect any other provision of this Agreement, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been a part hereof.

11.     This Agreement may be executed in any number of counterparts and each of such counterparts shall for all purposes be deemed to be an original.

12.     This Agreement shall be construed under and in accordance with laws of the State of Texas and the United States.

13.     Wherever the context shall so require, all words in this Agreement in the male gender shall be deemed to include the female or neuter gender, all singular words shall include the plural, and all plural words shall include the singular.

14.     This Agreement supersedes any prior understandings or written or oral agreements and representations between the parties respecting the subject matter of this Agreement.

15.     The undersigned MARIA G. PENA declares and represents that no promise, inducement or agreement not herein expressed has been made to her, that this Agreement contains the entire agreement between the parties hereto, and that the terms of this Agreement are contractual. As a fundamental part of the consideration for Defendant's performance as set forth above, Plaintiff warrants that she has not relied on any statement, claim, contention, or representation of NATIONAL CREDIT ADJUSTERS L.L.C. or its attorneys, and that she has relied solely upon the advice, statements, opinions, and representations of her own attorneys, and upon her own investigation of the matters relevant to this dispute. The undersigned NATIONAL CREDIT ADJUSTERS L.L.C. represents that no promise has been made to it, that this Agreement contains the entire agreement between the parties hereto, and that the terms of this Agreement are contractual. As a fundamental part of the consideration for Plaintiff's release, Defendant warrants that it has not relied on any statement, claim, contention, or representation of MARIA G. PENA or her attorneys,

and that it has relied solely upon the advice, statements, opinions, and representations of its own attorneys, and upon its own investigation of the matters relevant to this dispute.

16. The undersigned MARIA G. PENA has read the foregoing Agreement and discussed it with his attorney and she is satisfied that she fully understands it. The undersigned NATIONAL CREDIT ADJUSTERS L.L.C. has read the foregoing Agreement and discussed it with its attorneys and it is satisfied that it fully understands it.

Executed this 7th day of July, 2003.

_____
Maria G. Pena

_____
Stephen H. Gardner, Attorney for Plaintiff

_____
John Ventura, Attorney for Plaintiff


National Credit Adjuster, L.L.C.

7

relied on any statement, claim, contention, or representation of MARIA G. PENA or her attorneys, and that it has relied solely upon the advice, statements, opinions, and representations of its own attorneys, and upon its own investigation of the matters relevant to this dispute.

16. The undersigned MARIA G. PENA has read the foregoing Agreement and discussed it with his attorney and she is satisfied that she fully understands it. The undersigned NATIONAL CREDIT ADJUSTERS L.L.C. has read the foregoing Agreement and discussed it with its attorneys and it is satisfied that it fully understands it.

Executed this ____ day of _____, 2003.

_____
Maria G. Pena

_____
Stephen H. Gardner, Attorney for Plaintiff

_____
John Ventura, Attorney for Plaintiff

*Brad Hochstat* C.O.O
_____
National Credit Adjuster, L.L.C.

7

**National Credit Adjusters**
P.O. Box 3023 - 327 W. 4th Street
Hutchinson, KS 67504-0550
Toll Free: 800-542-1048
FAX: 620-665-8542

October 25, 2002

dble:105741
Personal & Confidential
Maria G Pena
4443 Del Gratia Rd
Brownsville, TX 78521

**RE:**
Original Creditor: METRIS - DIRECT MERCHANTS
Account Number: 5449100837298971
Current Balance: $ 814.03
NCA Reference: 105741

National Credit Adjusters has been trying to make contact with you by phone, or letters regarding your outstanding debt. You have chosen to ignore our attempts to work this out in the past, this will only make matters worse. You need to make contact with our office by November 06, 2002, or we will have to review some of the following options, if not all of them, to get this resolved.

1. Hire a specialty firm to locate your employment, and other assets.
2. Forward the account to an attorney in your state.
3. Ask the attorney to obtain a judgment against you for the whole balance plus interest.
4. If, a judgment is granted, pursue all legal remedies allowable in your state up to and including asset attachments and wage garnishments.
5. If you don't intend to contact us, and you are unclear about your rights we suggest you contact an attorney.

If we are forced to take the time and money to collect the outstanding balance through the above options, we will except nothing less than the full balance. Since NCA purchased this account we are willing to take the options above to get our investment back.

Contact us now and we will be willing to work out an agreement based on your financial situation all the way up to 60% off your current balance. We will require a financial application from you over the phone.

You can call us on our toll free number at 1-800-542-1048 between the housrs of 8:00 am and 8:00 pm, CST Monday thru Thursday and 8:00 am to 5:00 pm, CST, Friday. After hours and weekends we have voice mail to receive any messages.

NCA accepts payments by Western Union, checks by telephone, credit cards and bank wires.

This communication is from a debt collector trying to collect a debt. Any information obtained will be used for that purpose.

EXHIBIT A

Sincerely,

Mr. B. E. Hochstein
National Credit Adjusters